## THIBODEAU v. HILDRETH.

(Circuit Court of Appeals, First Circuit. June 19, 1903.)

### No. 468.

1. CANCELLATION OF INSTRUMENTS—GROUNDS—UNCONSCIONABLE AGREEMENT.
   An agreement by an employé, in consideration of his employment, that the employer shall have the benefit of all inventions made by him while so employed, and that he will keep the same forever secret, if required by the employer, is not unconscionable, nor against public policy, and the employé is not entitled to have the same canceled on that ground after he has left the employment.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

For opinion below, see 117 Fed. 146.

¶ 1. See Contracts, vol. 11, Cent. Dig. §§ 552, 553.

John S. Richardson and William Quinby, for appellant.

Causten Browne (Alexander P. Browne, on the brief), for appellee.

Before PUTNAM, Circuit Judge, and BROWN and LOWELL, District Judges.

LOWELL, District Judge. Hildreth brought a bill in equity against Thibodeau to enforce the provisions of the following contract:

"Whereas, Herbert L. Hildreth, of Boston, candy manufacturer, is desirous of having perfected and manufactured a certain machine or machines for use in the manufacture of candy, and especially for sizing, shaping, cutting, wrapping, and packing, also the pulling of molasses candy, and whereas I, Charles Thibodeau, being a skilled mechanic, and desirous of entering the employ of said Hildreth for the purpose of constructing, improving, and perfecting such machinery: Now, therefore, in consideration of such employment, and of the payment of wages to me at the rate of ($3.25) three dollars and twenty-five cents per day, I hereby agree with said Hildreth to enter his employ, and that I will give him my best services, and also the full benefit and enjoyment of any and all inventions or improvements which I have made or may hereafter make relating to machines or devices pertaining to said Hildreth's business. I also further agree that should said Hildreth not desire to patent any of said inventions or improvements, but to keep the same secret, I will do all in my power to assist him in this, and will not disclose any information as to the same, or any of them, except at the request of the said Hildreth.

"Signed at Boston, Mass., this 29th of May, 1897.

"Charles Thibodeau."

In particular the bill sought a conveyance by Thibodeau to Hildreth of a certain invention named therein, and of an application to patent the same, to which conveyance the bill alleged that Hildreth was entitled by virtue of the contract. Thibodeau filed a cross-bill, asking for the delivery up and cancellation of the contract, on the ground that it was unconscionable, and obtained by fraud. The Circuit Court dismissed both bill and cross-bill, for the reasons set out in Hildreth v. Thibodeau (C. C.) 117 Fed. 146.

Reasonably interpreted, the contract provided that Hildreth should take the benefit and enjoyment of all those inventions and improvements relating to machines used in Hildreth's business which Thibodeau might make while employed by Hildreth. The employment might be ended at any time, either by Hildreth or by Thibodeau, and inventions thereafter made by Thibodeau would belong to him, and would not be covered by the contract. By the contract Thibodeau further agreed, if required to do so by Hildreth, to keep secret forever all the inventions which he made while in Hildreth's employment. As to these inventions, Thibodeau's agreement was perpetual, and it continues to bind him, notwithstanding his employment has been ended. This contract is neither unconscionable nor against public policy. Such an agreement is not uncommonly made by an employé with his employer, and it may be necessary for the reasonable protection of the employer's business.

The evidence fails to show that the contract was obtained by fraud or misrepresentation, and the cross-bill cannot be supported on that ground.

The decree of the Circuit Court is affirmed, and the appellee recovers his costs of appeal.