THOMPSON v. AUTOMATIC FIRE PROTECTION CO. et al.

(Circuit Court, E. D. New York. August 7, 1907.)

SPECIFIC PERFORMANCE—SUFFICIENCY OF BILL.

A bill for specific performance of a contract by one of the defendants to assign to complainant a patent for an invention alleged to have been made by such defendant while in complainant's employment, the applica-

tion for which patent he had assigned to his codefendant, *held*, on demurrer, to state a cause of action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, §§ 356–372.]

In Equity. On demurrer to bill.
For former opinion, see 151 Fed. 945.

Duncan & Duncan, for complainant.
Griggs, Baldwin & Pierce (Arthur J. Baldwin, of counsel), for defendants.

CHATFIELD, District Judge. The defendant the Automatic Fire Protection Company has demurred to the bill of complaint filed in this cause, and states as its grounds of demurrer (1) that the complaint does not show a case which ought to entitle the complainant to such discovery or relief as is prayed for; (2) that the allegations of the bill of complaint are too uncertain, vague, and indefinite to authorize a court of equity to grant any relief.

Generally stated, the alleged cause of action appears to be as follows: The complainant is a resident of the state of New Jersey, and the defendant Shipman a resident of the city of New York and county of Kings, while the Automatic Fire Protection Company was organized under the laws of the state of Maine and has an office in the state of Illinois. The complainant, Thompson, is alleged to be the managing head of a corporation known as the Manufacturers' Automatic Sprinkler Company, doing business in New York City. The defendant Shipman was a workman in the employment of that company. Prior to the year 1901 Thompson had obtained certain patents upon automatic sprinklers, and between the years 1901 and 1903 made arrangements with Shipman by which Shipman was to work out of his regular hours of employment for Thompson upon the machines relating to these patents. Thompson agreed to pay Shipman the reasonable value of the work done by him, and, if Thompson saw fit, a further sum, in return for which Shipman was to work out further practical developments of said inventions. Any inventions or improvements devised jointly or separately by Shipman and Thompson were to be disclosed and assigned to Thompson, including any patents that Shipman himself might obtain thereon. The complaint alleges performance, and that Shipman, during the time of the employment, invented a certain automatic alarm valve, which he refused and neglected to disclose to Thompson, and refused to assign to him. In the month of April, 1903, Shipman left Thompson's employment, and on May 2d filed an application for a patent on the invention of his own. Subsequently Shipman made arrangements with certain other individuals, and assigned his application and patents to the Automatic Fire Protection Company, the codefendant, in furtherance, as it is alleged, of the scheme on the part of Shipman to defraud Thompson of his rights thereto.

No application has been made to make the complaint more definite and certain. The demurrer is based upon objections which, if further information is desired by the defendants, might be sufficient for the granting of such motion. But it would seem that the allegations are sufficient to show a cause of action, and the complainant demands

specific performance and an injunction. The defendant Shipman herein, according to the bill of complaint, seems to have been employed upon a quantum meruit, and the defendant Shipman urges that the arrangement set forth would be a practical mortgage in perpetuity of his labor and talents. The fact that the defendant Shipman terminated the employment and left the service of the complainant seems to answer this objection; and there does not seem to be any reason for distinguishing this case from those in which a workman has been hired, in consideration of his employment at a stated salary, to work upon inventions or machines which are in process of improvement, and to assign any patentable improvements that he may make. Thibodeau v. Hildreth, 124 Fed. 892, 60 C. C. A. 78, 63 L. R. A. 480, Mississippi Glass Co. v. Franzen, 143 Fed. 501, 74 C. C. A. 135, and Hulse v. Bonsack Machine Co., 65 Fed. 864, 13 C. C. A. 180, do not seem to be materially different in principle.

As to the further ground, that the Automatic Fire Protection Company is a purchaser for value without notice of the equitable claims to the patent rights, that a court of equity cannot interfere with these rights, and that no relief can be given in relation to disclosures by Thompson to Shipman, which had been merged in a patent granted to Shipman, it would appear that the complaint alleges sufficient to raise the issue, and that this question should be disposed of upon the merits at final hearing.

The other objection, that there is no direct allegation that the patent obtained by Shipman was connected with the subject-matter of the contract between Thompson and Shipman, does not seem to be well founded. No other inference can be drawn from the allegations of the complaint, and, if this theory is not the basis of the action, the final hearing may be fatal to the complainant.

It is considered, therefore, that the bill of complaint is sufficient for the purposes of the action, subject to any motions which the defendants may be advised to make with reference to making the bill of complaint more definite and certain, if defendants need further information.

The demurrer will be overruled, with leave to defendants to answer over.